IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD EUGENE LEATHERWOOD                    PLAINTIFF

v.                      Civil No. 4:20-cv-04061

NURSE STEPHEN KING; NURSE LONI
REDFERN; and NURSE CHELSEA                          DEFANDANTS

## ORDER

Plaintiff Richard Eugene Leatherwood filed this 42 U.S.C. § 1983 on August 5, 2020. (ECF No. 1). On September 9, 2020, the parties consented to the jurisdiction of a United States Magistrate Judge to conduct any and all proceedings in this case, including conducting the trial, ordering the entry of a final judgment, and conducting all post-judgment proceedings. (ECF No. 10). Before the Court are two Motions for Subpoena filed by Plaintiff. (ECF Nos. 29, 31). Defendants have not responded, and the Court has determined no response is necessary to rule on the motions.

In his first motion, filed on December 3, 2020, Plaintiff states, "Asking for video of when the nurse's put me on medical observation so I can show proof that the nurses did not give me my medication in the morning like they was supposed to but didn't….so will the court please subpoena Miller County Correction Facility." (ECF No. 29). Before the Court could rule on this motion, on December 17, 2020, Plaintiff filed a second motion requesting the additional video footage. (ECF No. 31). Plaintiff specifically states, "I'm asking the court to subpoena Miller County Correctional Center for the video of me in Holding Cell 7 of when I was supposed to be in medical observation to show proof I was not given any of my meds for pain in the morning AM pill pass." *Id.*

The Court has previously denied requests by Plaintiff for video footage (ECF No. 16) noting the docket in this case confirms counsel for Defendants filed a Notice of Initial Disclosures with the Court on November 6, 2020, stating:

> On November 6, 2020, Plaintiff was mailed a complete copy (118 pages) of his medical records, kiosk healthcare requests, and grievances which are maintained by, or in the possession of, Southern Health Partners, Inc…Defendants are not in possession of any photographs, or video footage or written policies that relate to the facts recited in Plaintiff's Complaint. Should any such photographs, video footage or written policies be found, Separate Defendant[s] will forward same to Plaintiff as a supplement to these disclosures.

(ECF No. 22). Defendants clearly state they are not in possession of any video footage relating to the facts set forth in Plaintiff's Complaint and they represent to the Court they will send any video if it is found. Plaintiff may make specific discovery requests to the Defendants to produce any discoverable evidence. Any such request for production should include specific identifying information of the thing requested (day, time, location of video recordings for example).

Second, Plaintiff does not indicate the dates he was put in "medical observation" or in "Holding Cell 7". The Court could not issue a subpoena for video footage without some description of when the video may have been recorded even if were inclined to do so. Finally, Plaintiff's Complaint is based on a claim of denial of medical care when he was denied "antibiotics for the infection on my lungs! With the Covid 19 that there is putting my life at risk cause having an infection in my lungs Im more at risk of catching corona virus…" (ECF No. 1, p. 4). Each of Plaintiff's motions appear to be requesting video of him not receiving medication unrelated to the medication he references in his Complaint.

Accordingly, Plaintiff's Motions for Subpoena (ECF Nos. 29 and 31) are **DENIED.**

**IT IS SO ORDERED THIS 18th day of December 2020.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE